UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

JACINTO LOPEZ-BORGES,

    Petitioner,

v.

RAFAEL SERRANO-SERRANO,
WARDEN, et al.,

    Respondents.

Civil No. 97-2247 (JAF)

**OPINION AND ORDER**

Petitioner, Jacinto López-Borges, brings forth this request pursuant to 28 U.S.C. § 2254, for habeas corpus relief from a state court conviction. We are unable to review the merits of the petition for habeas corpus at this time because the petitioner has failed to exhaust all state court remedies. Consequently, we dismiss the petition for the reasons that follow.

I.

**Standard for Habeas Corpus**

Title 28 U.S.C. § 2254(b) provides that federal habeas corpus relief may not be granted "unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b). The Commonwealth of Puerto Rico courts provide for appellate relief in addition to state habeas corpus post-

Civil No. 97-2247 (JAF)                                          -2-

conviction relief. <u>Rodriguez v. Warden, Escuela Indus. De Mujeres, Vega Alta Puerto Rico</u>, 791 F.Supp. 41, 42 (D.P.R. 1992).

A federal court may not issue a writ of habeas corpus "unless it appears that the applicant has exhausted the remedies available in the courts of the state, or that there is either an absence of available state corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254; <u>see also</u> <u>Ex Parte Royal</u>, 117 U.S. 241, 250-54 (1886). For a claim to be exhausted for habeas corpus purposes, the state court system must have been appraised at the appropriate level of the facts and legal theories which form the basis of petitioner's assertions. <u>Duckworth v. Serrano</u>, 454 U.S. 1 (1981); <u>Garcia v. Ramirez</u>, 337 F.Supp. 39 (D.P.R. 1971). Where a section 2254 petition pleads multiple federal claims, the federal character of any of which has not fairly been presented to the state courts, the federal court must dismiss the entire petition, including any exhausted claims. See <u>Rose v. Lundy</u>, 455 U.S. 509, 513-21 (1982); <u>Gagne v. Fair</u>, 835 F.2d 6, 9 (1st Cir 1987); <u>Dougan v. Ponte</u>, 727 F.2d 199, 200 (1st Cir. 1984). Where mixed claims require the dismissal of the habeas petition, it is appropriate for the district court to dismiss the case without prejudice. <u>D.D. v. White</u>, 650 F.2d 749 (5th Cir. 1981). Petitioner then may elect to dismiss all

Civil No. 97-2247 (JAF)                                                -3-

unexhausted claims or seek their disposition in the state court before proceeding under section 2254. See Rose, 455 U.S. at 520.

## II.

## **Analysis**

We are unable to review the merits of Petitioner's application for habeas corpus relief at this time because Petitioner has failed to exhaust all state court remedies for each of the four grounds alleged in his petition. First, Petitioner alleges that his conviction was obtained by a guilty plea which was unlawfully induced or involuntarily given without the understanding of the nature of the charge and the consequences of the plea. Second, Petitioner alleges that the conviction was obtained by use of a coerced confession. Third, Petitioner alleges that the conviction was obtained by a violation of the privilege against self-incrimination. Finally, Petitioner alleges that the conviction was obtained by a violation of the protection against double jeopardy and that the sentence is in excess of the maximum authorized by law.

Petitioner has failed to exhaust all of his state court remedies for each of these grounds. The record reveals that Petitioner appealed his conviction before the Court of Appeals and the Supreme Court of Puerto Rico. Both courts affirmed the conviction. Petitioner's request for a new trial was denied at the state level and his petition for habeas corpus before the United States District

Civil No. 97-2247 (JAF)                                                     -4-

Court for the District of Puerto Rico was also dismissed without prejudice. In addition to requesting a new trial, Petitioner also filed a petition for habeas corpus in the state and federal district courts. Petitioner filed the petition on the ground that he was incorrectly considered a habitual criminal, thereby violating his protection against double jeopardy. This petition was denied at both the state and federal level. Petitioner's second petition, before the Commonwealth of Puerto Rico's Court of Appeals, on the same ground, was also denied. Petitioner filed a third petition before the United States District Court for the District of Puerto Rico on the same ground and it was also denied.

It is clear from the record that the only ground for which Petitioner has exhausted all available state court remedies is for the violation of his protection against double jeopardy. Petitioner has failed to exhaust all the available state remedies for his other three grounds. The petition contains both exhausted and unexhausted claims. Petitioner pleads four multiple federal claims, and the character of three grounds have not been fairly presented to the state courts. Therefore, Petitioner has not exhausted all the remedies available in state court for three of his four claims. A complete exhaustion of all claims in so-called "mixed petitions" is necessary before exhausted issues qualify for consideration by this court. Katz v. King, 627 F.2d 568 (1st Cir. 1980). Petitioner has

AO 72
(Rev 8/82)

Civil No. 97-2247 (JAF) -5-

prematurely filed his petition for habeas corpus. Petitioner has the choice of returning to state court to exhaust his unexhausted claims, or he could amend or resubmit the habeas petition to present only the exhausted claim to the district court. See Rose, 455 U.S. at 509.

Under these circumstances, we must dismiss Petitioner's section 2254 petition. See Rose, 455 U.S. at 513-21; Gagne, 835 F.2d at 9; and Dougan, 727 F.2d at 200. Petitioner has prematurely filed the instant request for habeas corpus relief.

### III.

### Conclusion

In accordance with the foregoing, we **DISMISS** without prejudice Petitioner's section 2254 petition.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 9th day of November, 1999.

JOSE ANTONIO FUSTE
U.S. District Judge

AO 72
(Rev 8/82)